**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRYSTAL BURGETT,

        Plaintiff,        CIVIL ACTION NO. 07-CV-12686

  VS.                          DISTRICT JUDGE ARTHUR J. TARNOW

CITY OF FLINT, et al.        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
        _____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 12) AND MOTION TO STRIKE DEFENDANTS' ANSWERS AND/OR FOR SANCTIONS (DOCKET NO. 15) AND DENYING DEFENDANT OFFICERS' MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY PROCEEDINGS (DOCKET NO. 17).**

Several discovery motions are now before the Court. Plaintiff filed a Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents on November 2, 2007. (Docket no. 12). On November 7, 2007 Defendant Officers filed a Response to Plaintiff's Motion to Compel. (Docket no. 13). Plaintiff filed a Motion to Strike Defendants' Answers and for Sanctions on December 17, 2007. (Docket no. 15). Defendant Officers filed a Brief in Response to Plaintiff's Motion for Sanctions on December 21, 2007. (Docket no. 18). On January 7, 2008 Defendant City filed a Response to Plaintiff's Motion for Sanctions. (Docket no. 22). Defendant Officers filed a Motion for Protective Order and Motion to Stay Proceedings on December 18, 2007. (Docket no. 17). Plaintiff filed a Response to Defendants' Motion for Protective Order and to Stay Proceedings on January 8, 2008. (Docket no. 23). Defendant City filed a Concurrence with Defendant Officers' Motion for Protective Order and Motion to Stay Proceedings on January 8, 2008. (Docket no. 24). The Parties filed a Joint List of Resolved and Unresolved Issues on January

17, 2008. (Docket no. 25). Defendant City filed an untimely Response to Plaintiff's Motion to Compel on January 18, 2008. (Docket no. 26). The Court heard oral argument from counsel on January 23, 2008. These matters have been referred to the undersigned for decision. (Docket nos. 14, 16, 21). They are now ready for ruling.

## I. FACTS

Plaintiff Crystal Burgett brings this action as the personal representative of the estate of Jo Ann Burgett. (Docket no. 1 at 1). This case arises out of a fatal police shooting which occurred on or about April 20, 2007. Plaintiff brings claims of unlawful arrest, excessive use of force and gross negligence against Defendant Officers Vasquez and Brandon ("Defendant Officers"). Plaintiff brings claims including constitutional violations, failure to train, supervise or properly hire, and respondeat superior against Defendant City of Flint ("Defendant City").

Plaintiff alleges that she served Interrogatories and Requests for Production of Documents on Defendants on June 29, 2007 with the Complaint. (Docket no. 12 ¶ 2). However, the proof of service attached to Plaintiff's Motion reflects that Plaintiff's Request for Production of Documents to All Defendants was served on October 8, 2007. (Docket no. 12-7). Plaintiff includes with her Motion to Compel a series of correspondence with Defendants' attorneys regarding Rule 26 production and production of the police reports and files related to the shooting. On October 30, 2007 Plaintiff noticed the depositions of Defendant Officers Vasquez and Brandon for December 14 and December 18, 2007 respectively. (Docket no. 17-4). Plaintiff re-noticed these depositions as video depositions by fax on December 13, 2007. (Docket no. 17-5).

## II. ANALYSIS

As an initial matter, E.D. Mich. LR 7.1(c) states that "[m]otions and responses to motions must be accompanied by a brief." Neither of Plaintiff's Motions includes a brief. E.D. Mich. LR 37.2 requires discovery motions to include a verbatim recitation of each discovery request, answer, response or objection or a copy of the actual discovery document that is the subject of the motion. Plaintiff included her Requests for Production of Documents to All Defendants, served on October 8, 2007 but failed to attach interrogatories to her motion. (Docket no. 12-7).

**A.    Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Requests for Production (Docket no. 12):**

Plaintiff seeks to compel answers to her Interrogatories and responses to her Requests for Production of Documents from all Defendants. The parties agree that this motion was resolved prior to hearing with respect to Defendant Officers except that Defendant Officer Vasquez agreed to produce his daily log report on or before the hearing date, which he did not. The Court ordered Defendant Officer Vasquez to produce his daily log report on or before January 25, 2008.

Defendant City did not file a timely Response Brief. Defendant City admitted at the hearing that it failed to serve either responses or objections to Plaintiff's Requests for Production. The parties agree that Defendant City has not produced all of the responsive documents, but Defendant City argues that it is not required to do so because there is an ongoing criminal investigation into the shooting that is the subject of this lawsuit. Defendant City provided answers to Plaintiff's Interrogatories on December 14, 2007.

Plaintiff's Requests to Produce at issue are:

3

> 1. Any and all police reports, notes, memorandums, witness statements, investigation reports, diagrams, video tapes, photos taken at the scene, recordings including but not limited to the 911 call placed on April 20, 2007.
> 2. Please produce any and all daily log entries, records, documents or other writings recoding (sic) the whereabouts of Officers Miguel Vasquez and Kyle Brandon for April 20, 2007 and at all times included in the complaint.
> 3. Please produce the entire personnel files for Officers Miguel Vasquez and Kyle Brandon involved in complaint.

(Docket no. 12-7).

As set forth below with respect to Defendant Officers' Motion to Stay Proceedings, neither this civil action nor discovery will be stayed while the criminal investigation proceeds. Defendants have an obligation to provide responses to Plaintiff's Requests for Production. Fed. R. Civ. P. 34. The Court will order Defendant City to produce all documents responsive to Plaintiff's Request for Production. Fed. R. Civ. P. 37.

**B.  Plaintiff's Motion to Strike Defendants' Answer and/or for Sanctions for Discovery Violations (Docket no. 15)**

Plaintiff alleges that Defendants committed discovery violations by unilaterally refusing to produce Defendant Officers for video depositions and providing incomplete responses to Plaintiff's discovery requests and interrogatories. Plaintiff asks the Court to strike Defendants' answers and enter a default, or, in the alternative, compel all outstanding discovery including video depositions of both Defendants, and order Defendants to pay $10,000 in sanctions.

Plaintiff must give reasonable notice of depositions in writing. Fed. R. Civ. P. 30(b)(1). Video recording of depositions is allowed under the Federal Rules and Plaintiff must "state in the notice the method by which the testimony shall be recorded." Fed. R. Civ. P. 30(b)(2); *see also Fanelli v. Centenary College*, 211 F.R.D. 268, 272 (D. N.J. 2002). Plaintiff's October 30, 2007 Notice of Taking Deposition of Defendant Vasquez did not specify that the deposition would be video recorded. Plaintiff sent an amended notice of the video deposition via fax to defense counsel's

4

office the day before Defendant Officer Vasquez's scheduled deposition. The fax confirmation is dated December 13, 2007. (Docket nos. 15-7, 18-4). The reasonableness of notice may depend on the particular circumstances of each case. *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985). Defendant Officer Vasquez had more than one month's notice of his deposition and arrived prepared to testify at his deposition in uniform with counsel. The Court finds that under these circumstances, Plaintiff's amended notice of video deposition faxed and received by Officer Vasquez's counsel's office on December 13, 2007 was reasonable notice.

Defendant Officer Vasquez and his counsel appeared for the December 14, 2007 deposition. Upon realizing that it would be video recorded, they made a calculated decision to leave. (Docket no. 17). Defendant Vasquez and his counsel's strategy frustrated Plaintiff's deposition of Defendant Vasquez and resulted in costs to the parties associated with the deposition. The Court will order sanctions and Defendant Officers' counsel will pay the reasonable costs including attorney's fees associated with the aborted December 14, 2007 deposition. *See* Fed. R. Civ. P. 30(c),(d)(3).

Defendant Officer Brandon's December 18, 2007 deposition was also re-noticed as a video deposition by fax on December 13, 2007. Defendant Officers' counsel cancelled the deposition on December 17, 2007 and filed a protective order regarding the same on December 18, 2007. Because no costs are associated with the December 18, 2007 deposition of Defendant Officer Brandon, Plaintiff's Motion will be denied. The Court will order Defendant Officers to provide deposition dates and appear for deposition as set forth below.

Plaintiff makes a broad allegation that Defendants' Responses to her discovery requests were incomplete. (Docket no. 15 ¶ 14). As set forth above, Defendant Officers provided answers to Plaintiff's Interrogatories with their Response to Plaintiff's Motion to Compel and have agreed to

5

produce Defendant Officer Vasquez's daily log report. Further, Defendant City will be ordered to produce full and complete responsive answers to Plaintiff's Interrogatories. Plaintiff's Motion to Strike Defendants' Answers will be denied.

**C.   Defendant Officers' Motion for Protective Order and Stay of Proceedings (Docket no. 17)**

Defendant Officers move for a Protective Order excusing Defendant Officer Vasquez from participating in the December 14, 2007 deposition, a Protective Order prohibiting video deposition of Defendant Officers, and a Stay of proceedings until the criminal investigation is complete or, in the alternative, a protective order preventing Defendant Officers from giving a deposition until the criminal investigation is complete. (Docket no. 17).

**1.   Participation in December 14, 2007 Deposition**

Defendants move for a protective order excusing Defendant Officer Vasquez from testifying at the December 14, 2007 deposition. For the reasons set forth above with respect to Plaintiff's Motion for Sanctions, the Court will deny this Motion.

**2.   Request for Protective Order Prohibiting Video Depositions**

Defendants move for a protective order under Fed. R. Civ. P. 26(c) to prevent Plaintiff from video recording Defendant Officers' depositions. There is no requirement that the deposing party provide justification for video recording the deposition. However, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c). The moving party must show good cause for a protective

order to issue and certify that the party has in good faith attempted to confer with the other parties in an effort to resolve the dispute[1]. Fed. R. Civ. P. 26(c).

The burden of showing good cause for a protective order to issue rests with the party requesting the protective order. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). Defendant Officers argue that Plaintiff is trying to harass and intimidate them by videotaping their depositions. (Docket no. 17 at 5). Defendant Officers' counsel alleges that during a telephone call, one of Plaintiff's counsel "referred to the Defendant Officers as 'murderers' and stated his intention to assist in their prosecution so that they would go to prison." (Docket no. 17-3 ¶ 5).

While Plaintiff's counsel's comment, if true, is clearly inappropriate, it does not support a conclusion that the depositions should not be video recorded. Other than Defendants' inferences and speculation, there is no evidence in the record that Plaintiff intends to video record the depositions for an improper purpose. Defendants provide no specific demonstration of facts that necessitate a protective order to prevent Plaintiff from video recording their depositions. Defendants' Motion for a Protective Order will be denied. Similarly, Defendants' request for an order prohibiting Plaintiff from recovering the expense of video recording the depositions will be denied.

**3.    Defendants' Request for Stay of Action or, in the alternative a Protective Order Staying Deposition of Defendant Officers**

Defendants ask the Court to stay this action or in the alternative to stay the depositions of Defendant Officers pending conclusion of any criminal investigation into the shooting. It is not unconstitutional to force defendants to "choose between waiving their *Fifth Amendment* rights and defending themselves in a civil lawsuit or asserting the privilege and probably losing the civil case."

---

[1] Defendant Officers' counsel states that he requested relief from the video recording from Plaintiff's counsel but they declined. (Docket no. 17 ¶ 2).

*Walsh Secs., Inc. v. Christo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 528 (D. N.J. 1998). "A court may nevertheless exercise its discretion to stay the civil case in the interests of justice." *Id.* at 528. Staying a civil case is an extraordinary remedy. *Id.* at 526. The decision to stay a case requires an examination of the specific circumstances. There are six factors to be considered. *Id.* at 527; *see also Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007).

The first factor is the extent to which the issues in the criminal and civil cases overlap. Here the issues overlap because the shooting would be the central event to any criminal charges. Only the Defendant Officers in the instant case have potential to be named in any criminal action.

The second factor is the status of the case. "[P]re-indictment requests for a stay are generally denied." *Walsh*, 7 F. Supp. 2d at 527. However, "a stay should not be categorically denied because the defendant has not yet been indicted." *Chao,* 498 F. Supp. 2d at 1038. Defendant Officers have not shown that an indictment is an eventuality and in fact state that "[a]lthough there is still a possibility that criminal charges could be brought against the officers, it was not felt that charges were likely." (Docket 17 at ¶ 4). Defendant Officers have not shown that the status of the criminal investigation necessitates staying the civil action.

The third factor is Plaintiff's interest in proceeding expeditiously weighed against the prejudice to Plaintiff caused by a delay. "Delays in civil cases are fairly common, however." *Walsh*, 7 F. Supp. at 528. The Court may consider whether the alleged prejudice or injury is particularly unique or compelling. *See id.*; *Chao v. Fleming*, 498 F. Supp. 2d at 1040. Plaintiff alleges that many of the witnesses to the shooting are transient and that a stay would be prejudicial because the witnesses may not be available. The Court finds that this would not be a unique injury caused by delay.

8

The fourth factor is the private interest of and burden upon Defendants. Defendant Officers allege only that they may need to assert their Fifth Amendment privileges against self-incrimination if the civil action moves forward, however, it is "not unconstitutional to force a defendant into this choice." *Walsh,* 7 F. Supp. 2d at 528.

The fifth factor lies in the interests of the court. Without knowing the status of the criminal investigation and/or the likelihood of an indictment, the Court maintains an interest in the expeditious resolution of this case.

The final factor is the public interest. Clearly there is public interest in investigating a police shooting. However, there is no allegation that allowing the civil action to proceed will impede a criminal investigation of this matter. *See Walsh*, 7 F. Supp. 2d at 527. Without knowing the status of the criminal investigation and/or the likelihood of an indictment, a decision to stay this action requires pure speculation by the Court. Balancing the foregoing considerations, the Court concludes that neither this action nor discovery should be stayed. The Court will deny without prejudice Defendants' Motions to Stay Proceedings and to Stay Depositions of Defendant Officers.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (docket no. 12) is **GRANTED** as to Requests for Production to the Defendant City. Defendant City will produce documents responsive to Plaintiff's Requests for Production on or before February 27, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Answers and for Sanctions (docket no. 15) is **GRANTED** in Part and **DENIED** in part. Defendant Officer Vasquez's counsel is ordered to pay reasonable costs and expenses that resulted from the December 14, 2007 deposition of Officer Vasquez. Plaintiff is ordered to submit to the Court on or before

9

February 27, 2008 a bill of costs for reasonable costs and attorney's fees incurred as a result of the December 14, 2007 deposition. Defendant Officers are ordered to provide dates convenient to all parties for their depositions to be concluded on or before February 29, 2008. The remainder of Plaintiff's Motion to Strike Defendants' Answers and for Sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Officers' Motion for Protective Order and Motion to Stay Proceedings (docket no. 17) is **DENIED** as follows: Defendant Officers' Motions to excuse Defendant Officer Vasquez from testifying at the December 14, 2007 deposition, for Protective Order to prevent Plaintiff from video recording Defendant Officers' depositions and to prohibit Plaintiff from recovering the expense of video recording the depositions if Plaintiff prevails in the litigation are **DENIED**; Defendant Officers' Motion to Stay Proceedings or Stay Deposition of Defendant Officers is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 11, 2008         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 11, 2008         s/ Lisa C. Bartlett
                                 Courtroom Deputy